IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN PLEAZE, | : | CIVIL NO. 3:09-CV-0240 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| D. YOUNG, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is a complaint filed by Darren Pleaze ("Pleaze"), an inmate at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania. (Doc. 1). Pleaze seeks to proceed in forma pauperis. (Doc. 2). For the reasons that follow, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

## I. Background

Pleaze alleges that in 1994, he pled guilty to aggravated indecent assault and was sentenced to six months time served. (Doc. 1, at 2, ¶ 2.) In January 2001, he was convicted of robbery and sentenced to 5 ½ to 11 years imprisonment commencing on March 29, 1999. He is currently serving that sentence. In 2001, his corrections plan recommended completion of sex offender orientation, which he allegedly completed in 2003. (Id. at 2, ¶ 5, 3, ¶ 6). His minimum release date was set for September 29, 2004. (Id. at 2, ¶ 4.) He represents that he was denied parole by the Pennsylvania Board of Probation and Parole ("the Board") on June 18, 2004 for failing to complete the sex offender program, even though he completed the program and the

Pennsylvania Department of Corrections recommended him for parole. (Doc. 1, at 3, ¶ 7.)

His 2005 corrections plan did not recommend that he participate in the sex offender program. (Id. at ¶ 8.) Yet, he alleges that he was denied parole in 2005 and 2006, based on his failure to complete the sex offender program. In 2007, he discovered that his parole file showed a conviction for rape. (Id. at ¶ 12) Pleaze later confirmed through his unit manager that his pre-sentence investigation report indicates a 1993 guilty plea to rape and unlawful restraint. (Doc. 1, at 4, ¶ 14.) He petitioned the Court of Common Pleas of Allegheny County for correction of the record. The petition remains pending. (Id. at ¶ 15).

On November 20, 2008, Pleaze received the Board's final decision denying his parole and ordering him to serve his unexpired maximum sentence to March 29, 2010. (Id. at ¶ 21.)

He is seeking a declaratory judgment stating that the Board is denying him due process in denying him fair consideration for parole, violated the Ex Post Facto clause, conducted unfair parole hearings, and violated his due process rights in failing to maintain correct records (Doc. 1, at 5.) He is also seeking compensatory and punitive damages.

## II. Discussion

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (i) is frivolous or malicious."

28 U.S.C. §1915(e)(2)(B)(i). A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.1989). Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). In Deutsch v. U.S., 67 F.3d 1080, 1083 (3d Cir. 1995), the Court of Appeals added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992). The complaint has been screened and it is concluded that it is subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent that Pleaze is challenging the fact or duration of his imprisonment, through challenging the validity of his parole proceedings, it is well-settled that prisoners cannot use Section 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S.

475 (1973). This claim is therefore subject to dismissal as such a claim must be brought in a properly filed habeas corpus petition.

Pleaze's claim for damages is also subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

"Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the Heck element." McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). See also Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (finding that Heck applies to parole revocation challenges); Benson v. New Jersey State Parole Board, 957 F. Supp. 827, 833 (D.N.J. 1996) (Applying *Heck*, Plaintiff's § 1983 claim, premised on the denial of a timely parole hearing and the allegedly erroneous calculation of his parole eligibility date, was held "not cognizable, unless Benson can prove that his sentence, or more specifically, the calculation of the duration of his sentence, has been invalidated. . . .")

In the matter *sub judice*, there has been no prior adjudication pertaining to the validity of the parole proceedings, and a finding in Pleaze's favor would clearly imply the invalidity of those proceedings. Consequently, his claim for damages is subject to dismissal. See Gibson v. Superintendent of N.J. Dep't of Law, 411 F.3d 427, 449 (3d Cir. 2005).

### III. Conclusion

Pleaze's challenge to the validity of his parole proceedings will be dismissed without prejudice to his right to pursue relief in a properly filed petition for writ of habeas corpus, and his claims for damages will be dismissed.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: February 27th, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN PLEAZE, | : | CIVIL NO. 3:09-CV-0240 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| D. YOUNG, et al., | : | |
| Defendants | : | |

**ORDER**

AND NOW, to wit, this 27th day of February 2009, in accordance with the accompanying memorandum, it is hereby **ORDERED** that:

1. The motion to proceed in forma pauperis (Doc. 2) is GRANTED.

2. Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. Plaintiff's challenge to the validity of his parole proceedings is DISMISSED without prejudice to his right to file a petition for writ of habeas corpus.

5. The Clerk of Court is directed to CLOSE this case.

6. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court